AO 93C (08/18) Warrant by Telephone or Other Reliable Electronic Means    ☐ Original    ☐ Duplicate Original

# UNITED STATES DISTRICT COURT
for the
District of Connecticut

In the Matter of the Search of )
*(Briefly describe the property to be searched* )
*or identify the person by name and address)* )     Case No. 3:23mj690(SDV)
IN THE MATTER OF THE SEARCH OF: )
9 Bayberry Ridge Road, Westport, Connecticut 06880 )
 )

SDV

SEARCH WARRANT ~~BY TELEPHONE OR OTHER RELIABLE ELECTRONIC~~ MEANS

To:   Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search and seizure of the following person or property located in the _____ District of _____ Connecticut _____
*(identify the person or describe the property to be searched and give its location)*:

See Attachment A, attached and incorporated herein by reference.

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property described above, and that such search will reveal *(identify the person or describe the property to be seized)*:

See Attachment B, attached and incorporated herein by reference.

**YOU ARE COMMANDED** to execute this warrant on or before _____ August 21, 2023 _____ *(not to exceed 14 days)*
☑ in the daytime 6:00 a.m. to 10:00 p.m.   ☐ at any time in the day or night because good cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to _____ Hon. S. Dave Vatti _____ .
*(United States Magistrate Judge)*

☐ Pursuant to 18 U.S.C. § 3103a(b), I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)*
☐ for _____ days *(not to exceed 30)*   ☐ until, the facts justifying, the later specific date of _____ .

Date and time issued: 8/8/2023 at 1:09 p.m.

_____ *Judge's signature*

City and state: Bridgeport, CT      Hon. S. Dave Vatti, U.S. Magistrate Judge
*Printed name and title*

AO 93C  (08/18) Warrant by Telephone or Other Reliable Electronic Means (Page 2)

# Return

| Case No.: 3:23mj 690 SDV | Date and time warrant executed: 0621 hrs  8/9/2023 | Copy of warrant and inventory left with: Emily Blau |
|---|---|---|

Inventory made in the presence of: Megan Rue

Inventory of the property taken and name(s) of any person(s) seized:

Samsung Phone and Case IMEI: 351347070379086

TLC cell phone IMEI: 015283004044967

Samsung cell phone IMEI: 352678732027989

Black Jacket

Red Hat

Benjamin Cohen was arrested.

## Certification

I declare under penalty of perjury that this inventory is correct and was returned along with the original warrant to the designated judge.

Date: 08/11/2023

*Executing officer's signature*

Nikolaus Swancott   Special Agent
*Printed name and title*

## ATTACHMENT A

*Property to be searched*

The property to be searched is 9 Bayberry Ridge Road, Westport, Connecticut 06880 (the "PREMISES") and any garages, vehicles, storage lockers (including safes), electronic media (specifically wireless telephones) located thereon.

The PREMISES is a light gray colored, two story, single family home—as depicted below.



## ATTACHMENT B

*Property to be seized*

1. The items to be seized are fruits, evidence, information, contraband, or instrumentalities, in whatever form and however stored, relating to violations of 18 U.S.C. §§ 111 (assaulting, resisting, or impeding certain officers); 231 (civil disorder), 1752(a)(1) (entering or remaining in restricted buildings or grounds); 1752(a)(2) (disorderly and disruptive conduct in a restricted building or grounds); 1752(a)(4) (engaging in physical violence in a restricted building or grounds), and 40 U.S.C. § 5104(e)(2)(F) (act of physical violence in the Capitol grounds or building) (the "TARGET OFFENSES") that have been committed by BENJAMIN COHEN ("the Subject") and other identified and unidentified persons, as described in the search warrant affidavit; including, but not limited to:

   a. Evidence of the TARGET OFFENSES;

   b. Evidence of any conspiracy, planning, or preparation to commit those offenses;

   c. Evidence concerning efforts after the fact to conceal evidence of those offenses, or to flee prosecution for the same;

   d. Evidence concerning materials, devices, or tools that were used to unlawfully commit the TARGET OFFENSES;

   e. Evidence of communication devices used in relation to the TARGET OFFENSES;

   f. Evidence of the state of mind of the subject and/or other co-conspirators, *e.g.*, intent, absence of mistake, or evidence indicating preparation or planning, or knowledge and experience, related to the criminal activity under investigation; and

   g. Evidence concerning the identity of persons who either (i) collaborated, conspired, or assisted (knowingly or unknowingly) the commission of the criminal activity under investigation; or (ii) communicated with the unlawful actors about matters relating to the criminal activity under investigation, including records that help reveal their whereabouts.

h. Evidence concerning planning to unlawfully enter the U.S. Capitol, including any maps or diagrams of the building or its internal offices;

i. Evidence concerning unlawful entry into the U.S. Capitol, including any property of the U.S. Capitol;

j. Evidence concerning the official proceeding that was to take place at Congress on January 6, 2021, i.e., the certification process of the 2020 Presidential Election;

k. Evidence concerning efforts to obstruct, impede, or disrupt the official proceeding that was to take place at Congress on January 6, 2021, i.e., the certification process of the 2020 Presidential Election;

l. Evidence concerning the breach and unlawful entry of the United States Capitol on January 6, 2021;

m. Evidence concerning the riot and/or civil disorder at the United States Capitol on January 6, 2021;

n. Evidence concerning the assaults of federal officers/agents and efforts to impede such federal officers/agents in the performance of their duties the United States Capitol on January 6, 2021;

o. Evidence concerning damage to, or theft of, property at the United States Capitol on January 6, 2021;

p. Evidence concerning awareness that the U.S. Capitol was closed to the public on January 6, 2021;

q. Evidence of the defendant's presence at the U.S. Capitol on or around January 6, 2021;

r. Evidence concerning the results of, challenges to, or questions about the legitimacy of the 2020 Presidential Election;

s. Evidence regarding travel to Washington, D.C. in or around January 2021, motive and intent for travel to Washington, D.C. in or around January 2021, the planning of travel to and activity in Washington, D.C. on or about January 6, 2021, research about the U.S. Capitol, and mode of travel, travel expenses, and travel logistics on or about January 6, 2021.

t. Evidence regarding the riot at the U.S. Capitol on January 6, 2021;

    u. Clothing and other items that reflect evidence of defendant's presence at the U.S. Capitol on January 6, 2021.

2. Records and information that constitute evidence of identity, including but not limited to:

    a. clothing worn by the subject, to include a black jacket, a red hat, and blue pants;

    b. clothing and other articles that reflect evidence of having participated in the unlawful activity at the U.S. Capitol, including evidence of pepper spray or other non-lethal crowd control remnants;

    c. other paraphernalia used by or associated with the Subject, to include any signs or implements;

3. Address and/or telephone books and papers reflecting names, addresses and/or telephone numbers, which constitute evidence of conspirators and potential witnesses of violations of the TARGET OFFENSES.

4. Records and information—including but not limited to documents, communications, emails, online postings, photographs, videos, calendars, itineraries, receipts, and financial statements—relating to:

    a. Any records and/or evidence revealing the Subject's presence at the January 6, 2021 riot;

    b. **Any physical records, such as receipts for travel, which may serve to prove evidence of travel of to or from Washington D.C. from November, 2020 through January, 2021;**

    c. The Subject's (and others') motive and intent for traveling to the U.S. Capitol on or about January 6, 2021; and

    d. The Subject's (and others') activities in and around Washington, D.C., specifically the U.S. Capitol, on or about January 6, 2021.

5. Photographs, in particular photographs of the subject, or events in Washington D.C. on January 6, 2021, which constitute evidence of the TARGET OFFENSES.

6. Any cell phone(s) or smart phone(s) that the Subject carried and used while unlawfully entering and remaining on the Capitol grounds and assaulting federal officers, and other cell phones or smart phones which are now owned, used or controlled by the Subject (hereinafter "the devices").

7. Safes, both combination and key type, and their contents, which can contain evidence of the commission of the TARGET OFFENSES.

8. Indicia of ownership, including, receipts, invoices, bills, canceled envelopes, and keys, which provides evidence of identity as to individuals committing the TARGET OFFENSES; and

9. For any devices seized under item 6, above, which are capable of containing and reasonably could contain fruits, evidence, information, contraband, or instrumentalities as described in the search warrant affidavit and above:

   a. evidence of who used, owned, or controlled the Device(s) at the time the things described in this warrant were created, edited, or deleted, such as logs, registry entries, configuration files, saved usernames and passwords, documents, browsing history, user profiles, email, email contacts, chat, instant messaging logs, photographs, and correspondence;

   b. evidence of software, or the lack thereof, that would allow others to control the Device(s), such as viruses, Trojan horses, and other forms of malicious software, as well as evidence of the presence or absence of security software designed to detect malicious software;

4

    c. evidence of the attachment to the Device(s) of other storage devices or similar containers for electronic evidence;

    d. evidence of counter-forensic programs (and associated data) that are designed to eliminate data from the Device(s);

    e. evidence of the times the Device(s) was used;

    f. passwords, encryption keys, and other access devices that may be necessary to access the Device(s);

    g. documentation and manuals that may be necessary to access the Device(s) or to conduct a forensic examination of the Device(s);

    h. records of or information about Internet Protocol addresses used by the Device(s);

    i. records of or information about the Device(s)'s Internet activity, including firewall logs, caches, browser history and cookies, "bookmarked" or "favorite" web pages, search terms that the user entered into any Internet search engine, and records of user-typed web addresses.

10. During the execution of the search of the PREMISES described in Attachment A, law enforcement personnel are also specifically authorized to obtain from the Subject (but not any other individuals present at the PREMISES at the time of execution of the warrant) the compelled display of any physical biometric characteristics (such as fingerprint/thumbprint, facial characteristics, or iris display) necessary to unlock any Device(s) requiring such biometric access subject to seizure pursuant to this warrant for which law enforcement has reasonable suspicion that the aforementioned person(s)' physical biometric characteristics will unlock the Device(s), to include pressing fingers or thumbs against and/or putting a face before the sensor, or any other

5

security feature requiring biometric recognition of:

    (a)    any of the Device(s) found at the PREMISES,

    (b)    where the Device(s) are limited to those which are capable of containing and reasonably could contain fruits, evidence, information, contraband, or instrumentalities of the offense(s) as described in the search warrant affidavit and warrant attachments,

for the purpose of attempting to unlock the Device(s)'s security features in order to search the contents as authorized by this warrant.

11.    While attempting to unlock the device by use of the compelled display of biometric characteristics pursuant to this warrant, law enforcement is not authorized to demand that the aforementioned person(s) state or otherwise provide the password or identify the specific biometric characteristics (including the unique finger(s) or other physical features), that may be used to unlock or access the Device(s). Nor does the warrant authorize law enforcement to use the fact that the warrant allows law enforcement to obtain the display of any biometric characteristics to compel the aforementioned person(s) to state or otherwise provide that information. However, the voluntary disclosure of such information by the aforementioned person(s) is permitted. To avoid confusion on that point, if agents in executing the warrant ask any of the aforementioned person(s) for the password to any Device(s), or to identify which biometric characteristic (including the unique finger(s) or other physical features) unlocks any Device(s), the agents will not state or otherwise imply that the warrant requires the person to provide such information, and will make clear that providing any such information is voluntary and that the person is free to refuse the request.

12. As used above, the terms "records" and "information" includes all forms of creation or storage, including any form of computer or electronic storage (such as hard disks or other media that can store data); any handmade form (such as writing); any mechanical form (such as printing or typing); and any photographic form (such as microfilm, microfiche, prints, slides, negatives, videotapes, motion pictures, or photocopies).